■ In the Matter of Philip A. Morelli, Appellant, v Diane L. Tucker, Respondent. [851 NYS2d 696]—

Mercure, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered October 20, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

The parties are the parents of a son, who was born in 2004. They separated following several incidents of domestic violence perpetrated by petitioner. Respondent was awarded sole custody of the child, and petitioner was allowed parenting time on Fridays and alternate weekends. Thereafter, the domestic violence continued to escalate, culminating in two incidents for which petitioner was incarcerated. First, petitioner attempted to strangle respondent in August 2005 when she arrived to pick up the child from a visit, and police intervention was needed to retrieve the child. In October 2005, despite incarceration for several weeks and the issuance of an order of protection against him as a result of the August 2005 incident, petitioner broke into respondent's residence after cutting her telephone wires, attacked her with a crowbar and beat her in front of the child, and then resisted arrest after police arrived.

This Court recently affirmed petitioner's conviction, based

upon the latter incident, of criminal contempt in the first degree, burglary in the first degree (two counts), assault in the second degree, and criminal mischief in the third degree (*People v Morelli*, 46 AD3d 1215 [2007]). Petitioner was sentenced to 9½ years in prison to be followed by five years of postrelease supervision based upon that conviction. While incarcerated, he filed a petition for visitation with the child, asserting that respondent's "bitterness is poisoning [his] relationship" with the child without "just cause." Following a fact-finding hearing, Family Court dismissed the petition and prohibited all contact between petitioner and the child. Petitioner appeals and we now affirm.

"Although the incarceration of a noncustodial parent [does] not, by itself, preclude visitation with his or her child, a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child's best interest" (*Matter of Ellett v Ellett*, 265 AD2d 747, 747 [1999] [citations omitted]; *accord Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]). Here, while petitioner denies that he committed any domestic violence against respondent and contends that she is poisoning his relationship with the child, he stands convicted by guilty plea of brutally assaulting respondent. Family Court credited respondent's testimony that the assault occurred in the presence of the child, who was then 16 months old, and that the child developed a fear of men as a result. In addition, the record evinces that the child has not seen petitioner since the incident. Under these circumstances and in light of both the child's young age and respondent's lengthy prison sentence, Family Court's determination that visitation or other contact with petitioner would not be in the child's best interest has a sound and substantial basis in the record (*see Matter of Beverly v Bredice*, 299 AD2d 747, 748 [2002]; *Matter of Gutkaiss v Leahy*, 285 AD2d 752, 753 [2001]; *Matter of Hadsell v Hadsell*, 249 AD2d 853, 854 [1998], *lv denied* 92 NY2d 809 [1998]).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.