(March 10, 2009)

■ KATHARINE ALLISON, Appellant, v WILLIAM B. ALLISON, Respondent. [876 NYS2d 68]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, Jr., J.), entered November 30, 2007, as denied those branches of her motion which were to vacate the judgment of divorce dated January 28, 2004, for an upward modification of child support, and for an award of maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

Review of the plaintiff's contention regarding the unsigned order of reference is barred by the doctrine of law of the case, as this Court has already decided this exact issue on a prior appeal (*see Allison v Allison,* 28 AD3d 406 [2006], *cert denied* 549 US 1307 [2007]). An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey,* 45 AD3d 809 [2007]).

The plaintiff's contention that the Special Referee was biased and, therefore, should have recused himself, is without merit. In the absence of a mandatory statutory basis for disqualification, the plaintiff was required to demonstrate that the alleged bias of the Special Referee affected the result of the trial (*see K. v B.,* 13 AD3d 12, 20 [2004]). Here, she failed to make the requisite showing.

The plaintiff's contention that the court erred in denying her requests for an upward modification of child support and an award of maintenance is without merit. The plaintiff failed to make the requisite showing that she was unable to be self-supporting or that a substantial change in circumstances had occurred since the date of the judgment of divorce (*see* Domestic Relations Law § 236 [B] [9] [b]; *Trainor v Trainor,* 188 AD2d 461 [1992]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.