■ In the Matter of AMBER WALRAD, Respondent, v LARRY ROBERT WALRAD, Appellant. [880 NYS2d 728]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered May 14, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter born in 1996. After the parties separated in 1998, Family Court issued an order granting sole custody of the child to the mother and supervised visitation to the father. In 2007, the mother commenced this proceeding to obtain an order terminating the father's visitation rights. Following fact-finding and *Lincoln* hearings, Family Court found a change in circumstances and determined that termination of all visitation and contact between the father and the child would be in the child's best interests. The father now appeals.

In reviewing a denial of visitation, we defer to Family Court's credibility determinations and, where there exists a sound and substantial basis in the record, we generally do not disturb the court's findings (*see e.g. Matter of Jones v McMore*, 37 AD3d 1031, 1031-1032 [2007]; *Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]). Here, Family Court credited the mother's testimony that the father had engaged in supervised visitation on no more than four occasions and, thereafter, paid no child support and had no relationship or contact with the child for more than eight years. The court also cited the father's extensive history of criminal activity, recurring incarceration and four separate indicated child protective reports as outlined in a report prepared by the Tompkins County Probation Department pursuant to a court order. Family Court further noted the child's understandable reluctance to have any contact with the father after so many years of absence from her life. Thus, there is a sound and substantial basis in the record for the court's conclusions that the father had effectively abandoned the child for more than eight years and that future visitation of any kind would not be in the child's best interests (*see Matter of Wise v Burks*, 61 AD3d 1058, 1058 [2009]; *Matter of Morelli v Tucker*, 48 AD3d 919, 920 [2008], *lv denied* 10 NY3d 709 [2008]).

Finally, we find no merit in the father's remaining contention that Family Court's decision sets forth insufficient factual findings.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.