█  In the Matter of FLORETTA CHOW, Appellant, v COLIZE E. HOLMES, Respondent. [883 NYS2d 221]—In a child custody proceeding pursuant to Family Court Act article 6 and a related family offense proceeding, the mother appeals from an order of the Family Court, Kings County (Toussaint, J.), dated June 20, 2008, which, after a hearing, inter alia, denied her motion, among other things, to re-open the hearing for further testimony and evidence, denied her petition for sole custody of the subject child, awarded sole custody of the subject child to the father, and denied her family offense petition. By decision and order on motion dated August 18, 2008 [2008 NY Slip Op 80403(U)], this Court, inter alia, stayed enforcement of so much of the order dated June 20, 2008, as awarded sole custody of the subject child to the father, pending hearing and determination of the appeal.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying the mother's petition for sole custody of the subject child and awarding sole custody of the subject child to the father; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that pending final determination of the petition for custody, the subject child shall remain in the custody of the mother and visitation shall be in accordance with this Court's decision and order on motion dated August 18, 2008.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]), which

requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). In this case, new facts and allegations which this Court may properly consider, including that the father is awaiting sentencing for attempted assault, indicate that the record before us is no longer sufficient to determine which custodial arrangement is in the child's best interests (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Gatke v Johnson*, 50 AD3d 798 [2008]; *Matter of Antonette Alasha E.*, 8 AD3d 375 [2004]). Accordingly, the matter must be remitted to the Family Court, Kings County, for a re-opened hearing and a new custody determination thereafter. We express no opinion as to the appropriate determination.

However, we find no reason to disturb the Family Court's determination that the mother failed to prove the allegations in the family offense petition by a preponderance of the evidence (*see Matter of St. Denis v St. Denis*, 1 AD3d 370 [2003]; *Matter of Jastremski v Jastremski*, 30 AD3d 424 [2006]). Mastro, J.P., Fisher, Eng and Hall, JJ., concur.