■ In the Matter of ROSA M. PENA, Respondent, v PEDRO PENA, Appellant. (Proceeding No. 1.) In the Matter of PEDRO PENA, Appellant, v ROSA M. PENA, Respondent. (Proceeding No. 2.) [891 NYS2d 438]—

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Matter of Chow v Holmes,* 63 AD3d 925 [2009]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]; *see Matter of Chow v Holmes,* 63 AD3d at 925-926). Here, contrary to the Supreme Court's determination, in light of the liberal visitation granted to the father, it is in the child's best interests that the mother be required to furnish the father with necessary medical information concerning the child. However, in light of the particular circumstances of this case, involving allegations of the mother being abused by the father and the issuance of an order of protection against the father, the mother should not be required to disclose any information to the father which could compromise her confidentiality. Accordingly, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate order reflecting these considerations.

Contrary to the father's contention, there is a sound and substantial basis in the record for the Supreme Court's denial of his request for certain additional visitation rights (*see Bluemer v Bluemer,* 47 AD3d 652, 653 [2008]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.