In the Matter of OLVIN GREENIDGE, Appellant, v TONYA HENRY, Respondent. [895 NYS2d 474]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, and related family offense proceedings pursuant to Family Court Act article 8, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (IDV Part) (Henry, J.), dated May 20, 2008, as, after a hearing, denied his petition to modify a prior custody

order of the Family Court, Kings County (Pearl, J.), dated February 7, 2005, awarding the parties joint legal custody of their child with physical custody to the mother and liberal visitation to the father, so as to award him sole custody of the child, granted the mother's petition to modify the prior custody order so as to award her sole custody of the child and to establish a visitation schedule for the father, and dismissed his two family offense petitions.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the father's petition to modify the prior custody order so as to award him sole custody of the subject child and granting the branch of the mother's petition to modify the prior custody order which was to award her sole custody of the child; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for further proceedings in accordance herewith; and it is further,

Ordered that pending final determination of the petition for custody or further order of the Supreme Court, Kings County (IDV Part), or the Family Court, Kings County, the subject child shall remain in the custody of the mother, and visitation shall be in accordance with an order of the Supreme Court dated June 18, 2009.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]), which requires evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Here, the attorney for the child has advised this court of significant new developments which have occurred since the issuance of the order appealed from, including the commencement of a Family Court article 10 child protective proceeding against the mother, the filing of multiple domestic incident reports by both parents, and the lodging of complaints against both parents with the New York State Central Register of Child Abuse and Maltreatment. In light of these new factual circumstances, which this Court may properly consider, the record before us is no longer sufficient to determine which custodial arrangement is in the child's best interests (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Chow v Holmes*, 63 AD3d 925, 926 [2009]; *Matter of Gatke v Johnson*, 50 AD3d 798 [2008]). Accordingly, the matter must be remitted to the Supreme Court, Kings County (IDV Part), to be consolidated with the related petitions pending in the Family Court, Kings County, and for a

new hearing and a new custody determination thereafter by the Family Court, Kings County. We express no opinion as to the appropriate custody determination.

However, we find no reason to disturb the Supreme Court's determination that the father failed to establish, by a preponderance of the evidence, that the mother committed family offenses warranting the issuance of an order of protection (*see* Family Ct Act § 812 [1]; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621 [2009]; *Matter of Thomas v Thomas*, 32 AD3d 521 [2006]; *Matter of Brennan v Anesi*, 283 AD2d 693 [2001]). Fisher, J.P., Miller, Eng and Hall, JJ., concur.