**62** In the Matter of LIOUDMILA HAIMOVICI, Respondent, v GABRIEL HAIMOVICI, Appellant. SANDRA STINES, Nonparty Appellant. (Proceeding No. 1.) In the Matter of GABRIEL HAIMOVICI, Appellant, v LIOUDMILA HAIMOVICI, Respondent. SANDRA STINES, Nonparty Appellant. (Proceeding No. 2.) [899 NYS2d 898]—In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals, and the attorney for the child separately appeals, as limited by their respective briefs, from so much of an order of the Family Court, Nassau County (St. George, J.), dated December 5, 2008, as, after a hearing, granted that branch of the mother's petition which was to award sole physical custody of the child to her and, in effect, denied that branch of the father's petition which was to award sole physical custody of the child to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982] [internal quotation marks omitted]). Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, that determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]).

Here, the Family Court's determination that the child's best interests would be served by awarding the mother sole physical custody, which was consistent with the recommendation of the court-appointed forensic psychologist, has a sound and substantial basis in the record and, thus, will not be disturbed (*see Matter of Langlaise v Sookhan*, 48 AD3d 685, 685-686 [2008]; *see also Matter of Meyers v Sheehan*, 62 AD3d 802, 803 [2009]). While the determination was not consistent with the position of the attorney for the child, that position, although entitled to some weight, was not dispositive (*see Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.