■ CINELLI BUILDERS, INC., Respondent, v STEVEN FERRIS et al., Appellants. [911 NYS2d 446]—

In a hybrid action, inter alia, to recover damages for breach of contract, and proceeding pursuant to CPLR article 75, Steven Ferris and Arlene Ferris appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered January 6, 2010, as granted those branches of the plaintiff/petitioner's motion which were to modify an arbitration award dated July 28, 2009, to the extent of deleting the provision directing the plaintiff/petitioner to pay one half of the costs of stenographer transcripts and to confirm the arbitration award as modified, and denied their cross motion to vacate the arbitration award.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a prior appeal between the same parties (*see Cinelli Bldrs., Inc. v Ferris*, 76 AD3d 608 [2010]), we affirmed an order which, inter alia, directed the parties to proceed to arbitration based on an arbitration clause in the parties' contract. We concluded that the plaintiff/petitioner, Cinelli Builders, Inc. (hereinafter the plaintiff), was not required to possess a license from the Village of East Hampton to perform home improvements at the time the plaintiff entered into a construction contract with Steven Ferris and Arlene Ferris (hereinafter together the defendants) (*id.*). We also found that the construction project was for a "new

home," not a "home improvement," as that term was defined in then section 11-1 of the Code of the Village of East Hampton, noting that the construction contract "called for the construction of a new home," and that "the defendants failed to dispute the plaintiff's assertion that every structure was removed from the subject property prior to the commencement of construction of the new home" (*id.* at 609-610). Our prior determination is law of the case (*see People v Evans*, 94 NY2d 499, 502 [2000]; *Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d 213, 217-218 [2009]; *Allison v Allison*, 60 AD3d 711 [2009]). While we may reconsider an issue where there are extraordinary circumstances, such as subsequent evidence affecting the prior determination, the evidence submitted by the defendants, including the arbitration hearing testimony of East Hampton's building inspector, who testified that the existing structures were not removed until after construction commenced, does not affect the prior determination (*see Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d at 218; *Pekich v James E. Lawrence, Inc.*, 38 AD3d 632, 633 [2007]; *Quinn v Hillside Dev. Corp.*, 21 AD3d 406, 407 [2005]). The undisputed fact remains that the existing structures were entirely removed from the property, and not even the existing foundation was used in constructing the new home. Therefore, the construction was for a "new home," the plaintiff was not required to possess a home improvement contractor's license, and there was a valid agreement to arbitrate (*see Marciano Constr. Corp. v Stout*, 12 Misc 3d 1152[A], 2010 NY Slip Op 50874[U] [2006]; cf. *J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 740-741 [2009]; *Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264, 265-266 [1995]).

In directing the plaintiff to pay one half of the costs of stenographer transcripts, the arbitrator exceeded his powers, and the Supreme Court correctly modified the arbitration award to the extent of deleting that provision (*see Matter of MKC Dev. Corp. v Weiss*, 203 AD2d 573 [1994]; *Matter of Yates Lansing, Inc. [Town of Niskayuna]*, 202 AD2d 916 [1994]).

The parties' remaining contentions have been rendered academic or are without merit. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.