■ In the Matter of COREY A. BOND SR., Respondent, v AMY B. MACLEOD, Formerly Known as AMY B. BOND, Respondent. MICHELLE STONE, as Attorney for the Children, Appellant. [921 NYS2d 671]—

Malone Jr., J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 8, 2010, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (a daughter born in 1998 and a son born in 2000). Pursuant to a 2007 order entered on consent of the parties, the father has sole custody of the children and the mother has visitation time. Following an argument between the daughter and the maternal grandmother in May 2009, the father commenced the instant proceeding seeking modification of the prior order, requesting, among other things, that the mother's visitation be supervised. The mother opposed the father's petition and subsequently filed a violation petition, alleging that the father had refused her scheduled visitation with the children.[1] At the end of the ensuing fact-finding and *Lincoln* hearings, based upon the children's expressed desire to not have contact with the mother, the attorney for the children requested that the mother's visitation be terminated. Family Court thereafter dismissed the father's petition, as well as the mother's violation petition, and the attorney for the children now appeals, arguing that the mother's right to visitation should have been terminated.

An existing order of visitation may be modified upon a showing that there has been a sufficient subsequent change in circumstances and that modification is necessary to ensure the best interests of the children (*see Matter of Laware v Baldwin*, 42 AD3d 696, 697 [2007]). Although Family Court did not specifically make the threshold determination of a change in circumstances, upon our independent review of the record, we find that a sufficient change of circumstances had occurred that warranted an examination by the court of whether a change in the mother's visitation was necessary to protect the children's best interests (*see Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]). In that regard, "[t]he denial of visitation to a noncustodial parent is a drastic remedy which may be ordered only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child[ren]'s welfare" (*Matter of McCauliffe v Peace*, 176 AD2d 382, 383-384 [1991]; *accord Matter of Laware v Baldwin*, 42 AD3d 696, 697 [2007]). Here, the attorney for the children contends that the

---

1. The mother also filed a family offense petition against the father and the father's paramour, alleging, among other things, that the paramour had struck the son. The mother subsequently withdrew this petition.

mother's unilateral cessation of visitation in May 2009, combined with evidence that the children do not want to resume visitation with her, provides substantial evidence to terminate the mother's visitation rights. While the mother admitted that she ceased her visitation with the children, Family Court apparently accepted her explanation that she did so out of frustration that the children repeatedly refused to see her, and we accord deference to Family Court's credibility determination in that regard (*see Matter of Walrad v Walrad*, 63 AD3d 1227, 1228 [2009]). Moreover, the one-time argument between the maternal grandmother and the daughter, in which the mother admittedly chose not to intervene even though the child became upset, was not of such severity to justify termination of the mother's visitation rights. Nor does the other evidence cited by the attorney for the children, including the mother's failure to attend the children's various extracurricular activities or her continued relationship with a man whom her children do not like,[2] provide compelling reasons to terminate her visitation. Although the children's desires regarding visitation should be considered, Family Court appropriately noted that their wishes are not determinative (*see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]) and, in any event, the court indicated that it believed some degree of parental alienation by the father had occurred (*see Matter of Bronson v Bronson*, 63 AD3d 1205, 1207 [2009]). Based on the foregoing, we do not find that the termination of the mother's visitation would serve the children's best interests.

Finally, we are unpersuaded by the contention that certain minor factual inaccuracies in Family Court's findings of fact regarding the daughter's testimony render the order unsupported by the evidence. Nor are we persuaded by the contention that the court fundamentally misunderstood the role of the attorney for the children.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** This man is the father of the mother's third child (born in 2009), but the exact nature of their relationship is unclear from the record. While there is an order of protection prohibiting him from having any contact with the mother's daughter until December 2012, the reasons for this order are not apparent. Nevertheless, there is no evidence in the record that the mother has caused or permitted any violations of this order.