■ In the Matter of STACEY GRUSZ, Respondent, v JUSTIN SIMONETTI, Appellant. [935 NYS2d 904]—

In determining custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337, 1338 [2010]; *Matter of Haimovici v Haimovici*, 73 AD3d 1058 [2010]; *see also Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]), which requires an evaluation of the totality of the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Since the Family Court's determination is "largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents" (*Matter of Haimovici v Haimovici*, 73 AD3d at 1058), "such determination should not be set aside unless it lacks a sound and substantial basis" in the record (*Matter of Andrews v Mouzon*, 80 AD3d 761, 763 [2011]; *see Matter of Wiebke v Wiebke*, 77 AD3d 964 [2010]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 116-118 [1990]).

Contrary to the father's contention, there was a sound and substantial basis in the record for the Family Court's denial of his request for additional midweek visitation. Moreover, the father was awarded liberal visitation which affords him a meaningful opportunity to maintain a close relationship with the child (*see Matter of Pena v Pena*, 68 AD3d 1000, 1001 [2009]; *Pollack v Pollack*, 56 AD3d 637, 639 [2008]; *Matter of Hartman v Hartman*, 214 AD2d 780, 782 [1995]; *Maloney v Maloney*, 208 AD2d 603, 604 [1994]). Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.