*823 In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated June 15, 2012, as, after a hearing, and upon granting her petition to modify a prior order of the same court dated February 2, 2010, only to the extent of awarding her certain unsupervised visitation with the partiés’ child, inter alia, denied that branch of her petition which was for additional unsupervised visitation, and prohibited her from telling the child that any man other than the father is the child’s biological father.
Ordered that the order dated June 15, 2010, is affirmed insofar as appealed from, without costs or disbursements.
As a general rule, the law of the case doctrine precludes this Court from reexamining an issue which has been raised and decided against a party on a prior appeal where that party had a full and fair opportunity to address the issue (see People v Evans, 94 NY2d 499 [2000]; Frankson v Brown & Williamson Tobacco Corp., 67 AD3d 213, 217 [2009]; Allison v Allison, 60 AD3d 711 [2009]; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809 [2007]; Lipp v Port Auth. of N.Y. & N.J., 57 AD3d 953 [2008]). Review of the mother’s contention regarding the prohibition against telling the child that any man other than the father is the child’s biological father is barred by the doctrine of law of the case, as this Court has already decided this exact issue on a prior appeal (see Matter of Buxenbaum v Fulmer, 82 AD3d 1223 [2011], cert denied 568 US —, 133 S Ct 761 [2012]), and there has been no showing of subsequent evidence or change of law (see Aurora Loan Servs., LLC v Grant, 88 AD3d 929 [2011]; Cinelli Bldrs., Inc. v Ferris, 78 AD3d 881 [2010]; Frankson v Brown & Williamson Tobacco Corp., 67 AD3d at 218; Allison v Allison, 60 AD3d 711 [2009]).
A visitation order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child’s best interests (see Matter of Taylor v Taylor, 77 AD3d 669 [2010]; Matter of Balgley v Cohen, 73 AD3d 1038 [2010]). The Family Court’s determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Haimovici v Haimovici, 73 AD3d 1058 [2010]; Matter of SinnottTurner v Kolba, 60 AD3d 774, 775 [2009]).
Contrary to the mother’s contention, there was a sound and substantial basis in the record for the Family Court’s denial of *824 her request for certain additional visitation (see Matter of Grusz v Simonetti, 91 AD3d 645, 646 [2012]; Matter of Pena v Pena, 68 AD3d 1000, 1001 [2009]; Maloney v Maloney, 208 AD2d 603, 604 [1994]). Moreover, the mother was awarded liberal unsupervised visitation that afforded her a meaningful opportunity to maintain a close relationship with the child (see Matter of Grusz v Simonetti, 91 AD3d at 646; Pollack v Pollack, 56 AD3d 637, 639 [2008]).
The mother’s remaining contentions are without merit. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.