In a visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated August 2, 2012, as, after a hearing, granted the mother’s petition to modify an order of the same court dated January 4, 2011, so as to permit her to travel with the subject child outside of the United States on vacation and to reduce the father’s alternating weekend visitation with the child from Friday 6:00 p.m. until Sunday 6:00 p.m., to Friday 6:00 p.m. until Saturday 8:00 p.m. when the child has school the following Monday.
Ordered that the order dated August 2, 2012, is modified, on the facts, by deleting the provision thereof granting that branch of the mother’s petition which was to modify the order dated January 4, 2011, so as to reduce the father’s alternating weekend visitation with the subject child from Friday 6:00 p.m. until Sunday 6:00 p.m., to Friday 6:00 p.m. until Saturday 8:00 p.m. when the child has school the following Monday, and substituting therefor a provision denying that branch of the petition; as so modified, the order dated August 2, 2012, is affirmed insofar as appealed from, without costs or disbursements.
Pursuant to an order dated January 4, 2011 (hereinafter the visitation order), the father was awarded alternating weekend visitation with the subject child from Friday 6:00 p.m. until Sunday 6:00 p.m. In April 2012, the mother petitioned to modify the visitation order so as to eliminate the father’s overnight visits with the child because the child was returning home too tired on Sundays, which was interfering with her ability to complete her homework and wake up rested for school on *721 Mondays. In addition, the mother sought to modify the visitation order to allow her to travel to El Salvador with the child, since the father had refused to give his permission.
At a hearing on the petition, testimony was adduced that the child travels between the mother’s home in Farmingdale, and the father’s home in Far Rockaway, Queens County, typically spending most of the trip on a bus. On Sundays with the father, the child spends about seven hours with him at church before taking the bus back to the drop-off location in East Meadow, Nassau County. The mother testified that when the child returns to the mother’s home on Sunday, the child is so tired that, on Monday, she does not want to get out of bed and go to school.
The Family Court granted that branch of the mother’s petition which was to modify the visitation order so as to reduce the father’s alternating weekend visitation with the child from Friday 6:00 p.m. until Sunday 6:00 p.m., to Friday 6:00 p.m. until Saturday 8:00 p.m. when the child has school the following Monday. The Family Court noted the amount of time the child was spending with the father at church before meeting the mother at the drop-off location. The Family Court also noted that the child, through her attorney, had requested that the father’s visits be limited to one overnight per weekend so that she could spend Sunday preparing for school the next day. Therefore, in “considering the circumstances and the child’s wishes,” the Family Court concluded that modification of visitation was appropriate.
In addition, the Family Court granted that branch of the mother’s petition which was to modify the visitation order so as to permit her to travel with the child outside of the United States on vacation. A visitation order may be modified upon a showing that a sufficient change in circumstances has occurred since the entry of the prior order such that modification is warranted to further the child’s best interests (see Matter of Grunwald v Grunwald, 108 AD3d 537, 539 [2013]; Matter of Taylor v Taylor, 77 AD3d 669 [2010]). “When adjudicating visitation rights, the court’s first concern is the welfare and interests of the child” (Matter of Zwillman v Kull, 90 AD3d 774, 775 [2011]). “The best interests of the child lie in being nurtured and guided by both parents. In order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, visitation must be frequent and regular” (id.). The credibility findings of the Family Court will be accorded great weight and its determinations regarding visitation will not be disturbed unless they lack a sound and substantial basis *722 in the record (see Matter of Felty v Felty, 108 AD3d 705, 707 [2013]; Matter ofHaimovici v Haimovici, 73 AD3d 1058 [2010]). Nevertheless, in matters of visitation and custody, this Court’s authority is as broad as that of the hearing court (see Matter of Brown v Zuzierla, 73 AD3d 765 [2010]).
Here, the Family Court’s determination to reduce the father’s visitation lacks a sound and substantial basis in the record. The position of the mother and the attorney for the child, as accepted by the Family Court, was that, because the child spends a portion of Sunday in church and then travels between Far Rockaway and Farmingdale, she is too tired to complete her homework when she arrives at the mother’s home at 6:00 p.m. However, even assuming the child is tired at that point in the day, or that she has an abundance of homework that she cannot complete without sacrificing time for sleep, viable alternatives aside from reducing the child’s time with the father are available for the child to complete her homework. For example, the child can spend portions of her time with her father completing her homework. The child’s wishes, while worthy of considerable weight, are not determinative (see Matter of McVey v Barnett, 107 AD3d 808, 809 [2013]). Her wishes are not in accordance with her best interests, which are to afford her sufficient time to complete her homework over the weekend while also fostering a meaningful relationship between her and the father, who is already limited to seeing the child every other weekend (see Matter of Langlaise v Sookhan, 48 AD3d 685, 686 [2008]).
However, contrary to the father’s contention, the Family Court providently exercised its discretion in permitting the mother to travel with the child outside of the United States on vacation, and specifically, to El Salvador. The mother established that it would be in the best interests of the child to travel to El Salvador, the mother’s country of origin and where two of the child’s half-siblings live (see Matter of Hermanowski v Hermanowski, 57 AD3d 777, 778 [2008]; Matter of Puran v Murray, 37 AD3d 472 [2007]). The father failed to provide any evidence that the child would be in danger in El Salvador (cf. Matter of Awan v Awan, 63 AD3d 733, 734-735 [2009]).
The parties’ remaining contentions are without merit. Dickerson, J.E, Chambers, Roman and Miller, JJ., concur.