■ In the Matter of CHRISTOPHER OTTAVIANO et al., Respondents, v RICHARD IPPOLITO, Appellant. (Proceeding No. 1.) In

the Matter of DAWN FULLERTON-BUIST, Respondent, v RICHARD IPPOLITO, Appellant. (Proceeding No. 2.) [17 NYS3d 491]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered March 11, 2014. The order, after a fact-finding hearing, granted the mother's petition to modify the visitation provisions of a prior order of that court dated September 15, 2010, so as to award her supervised, therapeutic visitation with the subject child, and granted the motion of the attorney for the child to modify the visitation provisions of a prior order of that court dated May 16, 2013, only to the extent of directing that the child have supervised, therapeutic visitation with his half-brothers Christopher Ottaviano and Michael Ottaviano instead of unsupervised visitation.

Ordered that the order is affirmed, with costs.

The parties in proceeding No. 2 have one child, who was born in 2001. Pursuant to an order dated September 15, 2010, the mother's supervised visitation with the child was suspended (*see Matter of Smith v Dawn F.B.*, 88 AD3d 729 [2011]). In a petition dated December 14, 2011, the mother sought to modify the September 15, 2010, order so as to award her supervised, therapeutic visitation with the child. While the mother's petition was pending, Christopher Ottaviano and Michael Ottaviano, the mother's older children and the child's half-siblings (hereinafter the brothers), filed separate petitions for visitation with the child. Pursuant to an order dated May 16, 2013, entered on the consent of the father, the child, and the brothers, the child was to have unsupervised visitation with the brothers every other Saturday. On July 24, 2013, the attorney for the child moved to suspend the sibling visitation, alleging, inter alia, that the child no longer wished to see the brothers. After a hearing, the Family Court granted the mother's petition and directed supervised, therapeutic visitation with the child. Additionally, the Family Court granted the motion of the attorney for the child only to the extent of directing that the child have supervised, therapeutic visitation with the brothers if he did not wish to have unsupervised visitation with them in accordance with the terms of the order dated May 16, 2013.

An existing visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b] [ii]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012];

*Galanti v Kraus*, 85 AD3d 723, 724 [2011]). The paramount concern in any visitation determination is the best interests of the child, under the totality of the circumstances (*see Matter of Wilson v McGlinchey*, 2 NY3d at 380-381; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]; *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]). The determination of visitation is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis (*see Matter of Orellana v Orellana*, 112 AD3d 720, 721-722 [2013]; *Matter of Fulmer v Buxenbaum*, 109 AD3d 822, 823 [2013]; *Matter of Haimovici v Haimovici*, 73 AD3d 1058 [2010]).

A noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child (*see Cervera v Bressler*, 90 AD3d 803, 806 [2011]; *Matter of Lane v Lane*, 68 AD3d 995, 996-997 [2009]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]). Here, the determination of the Family Court that supervised, therapeutic visitation between the mother and the child was in the child's best interest has a sound and substantial basis in the record (*see Matter of Castagnola v Muller*, 105 AD3d 954 [2013]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). Contrary to the father's contention, the Family Court properly took into account that the child expressed that he did not want to resume visitation with the mother. Although a child's views should be considered, they are not controlling (*see Matter of Ross v Ross*, 86 AD3d 615, 617 [2011]; *Matter of Bond v MacLeod*, 83 AD3d 1304, 1306 [2011]; *Matter of Burola v Meek*, 64 AD3d 962, 966 [2009]; *Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]).

Additionally, the determination of the Family Court that the child have supervised, therapeutic visitation with the brothers if he did not want to have unsupervised visitation has a sound and substantial basis in the record (*see generally Matter of Wilson v McGlinchey*, 2 NY3d at 380-381).

The father's remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.