■ In the Matter of FRAIDY FEKETE-MARKOVITS, Appellant, v YOEL MARKOVITS, Respondent. [35 NYS3d 177]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated February 9, 2015. The order, after a hearing, in effect, granted the mother's petition to modify a so-ordered stipulation of visitation so as to suspend the father's visitation only to the extent of limiting the father's visitation with the subject child to supervised, therapeutic visits.

Ordered that the order is reversed, on the law, without costs or disbursements, and the mother's petition to modify the so-ordered stipulation of visitation so as to suspend the father's visitation with the subject child is granted.

The mother and the father, who were previously married, have one child together. The mother has custody of the child and, pursuant to a so-ordered stipulation of visitation (hereinafter the stipulation), the parties agreed that the father would have unsupervised visitation with the child. The stipulation called for visitation to increase over time from day visits to overnight and holiday visits. From April 2010 until January 2011, the father had visitation with the child in accordance with the stipulation. In March 2011, the mother petitioned to modify the stipulation so as to suspend the father's visitation with the child. After a hearing, the Family Court, in effect, granted the mother's petition only to the extent of limiting the father's visitation with the child to supervised, therapeutic visits. The mother appeals, contending that the Family Court should have suspended all visitation between the father and the child.

An existing visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" to ensure the best interests of the child, under the totality of the circumstances (Family Ct Act § 467 [b] [ii]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Ottaviano v Ippolito*, 132 AD3d 681, 682 [2015]; *Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]). The determination of visitation is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Orellana v Orellana*, 112 AD3d 720, 721-722 [2013]; *Matter of Fulmer v Buxenbaum*, 109 AD3d 822, 823 [2013]; *Matter of Haimovici v Haimovici*, 73 AD3d 1058 [2010]). Generally, a noncustodial parent should have reasonable rights of visitation, and the denial of such rights is a drastic remedy

which should only be invoked when there is substantial evidence that visitation would be detrimental to the child (*see Cervera v Bressler*, 90 AD3d 803, 806 [2011]; *Matter of Lane v Lane*, 68 AD3d 995, 996-997 [2009]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]; *see also Matter of Bond v Mac-Leod*, 83 AD3d 1304, 1305 [2011]).

Here, contrary to the Family Court's determination, there was substantial evidence that the court-imposed visitation—although supervised and therapeutic—would be detrimental to the child (*see Matter of Smith v Dawn F.B.*, 88 AD3d 729 [2011]; *Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]; *cf. Matter of Brianna B. [Jennifer I.]*, 138 AD3d 832 [2016]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d at 775-776). Among other things, the court-appointed forensic evaluator opined that visitation with the father would be detrimental to the child and counterproductive to fostering a relationship between them in the future, and recommended the suspension of all such visitation, the attorney for the child opposed visitation at this time as both detrimental to the child and contrary to the child's wishes, and the father failed to work with the child's therapist to address issues which contributed to the detrimental impact of visitation upon the child (*cf. Matter of Ross v Ross*, 86 AD3d 615, 617 [2011]; *see generally Eschbach v Eschbach*, 56 NY2d at 171). Accordingly, the Family Court should have granted the mother's petition to modify the stipulation so as to suspend the father's visitation with the child. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.