■ HUDSON CITY SAVINGS BANK, Appellant, v 59 SANDS POINT, LLC, et al., Respondents, et al., Defendants. [57 NYS3d 399]—In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered May 11, 2015, as granted the cross motion of the defendants 59 Sands Point, LLC, and Eve Strausman Winston for leave to renew their prior motion to quash a subpoena duces tecum and ad testificandum served upon a nonparty, and for a protective order against further discovery from that nonparty, which had been denied in an order of the same court dated June 17, 2014, and, upon renewal, vacated the order dated June 17, 2014, and thereupon, in effect, granted the prior motion.

Ordered that the order entered May 11, 2015, is affirmed insofar as appealed from, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 657 [2012]; *DeMarquez v Gallo*, 94 AD3d 1039, 1040 [2012]; *Matter of Choy v Mai Ling Lai*, 91 AD3d 772, 772 [2012]). Here, the Supreme Court providently exercised its discretion in granting the cross motion of the defendants 59 Sands Point, LLC, and Eve Strausman Winston for leave to renew, based upon their submission of certain discovery responses, served after the issuance of the court's prior order dated June 17, 2014. Moreover, upon renewal, and based upon the subject discovery responses, the court properly vacated its prior order denying the motion to quash subpoenas served upon a nonparty, and for a protective order against further discovery from that nonparty, and, thereupon, in effect, granted the motion (*see generally Matter of Kapon v Koch*, 23 NY3d 32 [2014]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.