Hudson City Sav. Bank v 59 Sands Point, LLC (2018 NY Slip Op 03965)





Hudson City Sav. Bank v 59 Sands Point, LLC


2018 NY Slip Op 03965


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-00157
 (Index No. 8768/13)

[*1]Hudson City Savings Bank, plaintiff-appellant,
v
59 Sands Point, LLC, et al., defendants-appellants, Ronald Frankel, respondent, et al., defendants.


Fidelity National Group, New York, NY (Eric Rosenberg of counsel), for plaintiff-appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Christopher A. Gorman and Jeffrey A. Miller of counsel), for defendants-appellants.
Schlam Stone & Dolan, LLP, New York, NY (Richard H. Dolan and Samuel L. Butt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendants 59 Sands Point, LLC, and Eve Strausman Winston separately appeal, from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated November 12, 2015. The order, insofar as appealed from by the plaintiff and the defendants 59 Sands Point, LLC, and Eve Strausman Winston, granted that branch of the motion of the defendant Ronald Frankel which was for summary judgment dismissing the second cause of action. The order, insofar as appealed from by the defendants 59 Sands Point, LLC, and Eve Strausman Winston, granted that branch of the motion of the defendant Ronald Frankel which was to consolidate the instant action with an action entitled Frankel v 59 Sands Point, LLC, pending in the same court under Index No. 8597/14.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff-appellant and the defendants-appellants appearing separately and filing separate briefs.
In July 2013, Hudson City Savings Bank (hereinafter HCSB) commenced this action to foreclose a mortgage secured by real property (hereinafter the subject property) owned by the defendant 59 Sands Point, LLC, and its sole member, the defendant Eve Strausman Winston (hereinafter together the Strausman defendants). Due to a recording error, HCSB's mortgage was indexed against a different property. Before the subject error was detected and resolved, the defendant Ronald Frankel recorded two mortgages against the subject property (hereinafter the Frankel mortgages). In this action, HCSB alleged that the Frankel mortgages are invalid due to fraud in their execution, and thus without priority. In its second cause of action, HCSB sought to re-index its mortgage, nunc pro tunc, as a first priority lien against the subject property.
In August 2014, Frankel commenced an action entitled Frankel v 59 Sands Point LLC, under Index No. 8597/14 (hereinafter the Frankel action), against, among others, the Strausman [*2]defendants, seeking to foreclose upon the two mortgages he recorded against the subject property, and for a judgment declaring that his mortgages are superior to HCSB's mortgage. The Frankel action was stayed pending the resolution of the instant action.
During discovery in the instant action, HCSB served subpoenas and discovery demands upon the Strausman defendants and various nonparties seeking disclosure of information regarding the allegation that the Frankel mortgages are invalid. In orders dated September 29, 2014, and October 29, 2014, respectively, the Supreme Court, in effect, granted the Strausman defendants' motions to quash certain subpoenas. In two subsequent orders, both dated February 20, 2015, the Supreme Court, inter alia, granted Frankel's motion pursuant to CPLR 3103(a) for a protective order. On prior appeals, this Court affirmed all four orders (see Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611).
Additionally, by order dated April 14, 2015, the Supreme Court, inter alia, granted the cross motion of the Strausman defendants for leave to renew a prior motion to quash a subpoena duces tecum and ad testificandum served upon a nonparty, and for a protective order against further discovery from that nonparty, which had been denied in an order of the same court dated June 17, 2014. Upon renewal, the court vacated the order dated June 17, 2014, and thereupon, in effect, granted the prior motion. On a second prior appeal, this Court affirmed the order dated April 14, 2015 (see Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 613).
In the interim, the defendant Ronald Frankel moved in this action, inter alia, for summary judgment dismissing the second cause of action and to consolidate this action with the Frankel action. In an order dated November 12, 2015, the Supreme Court granted those branches of the motion. HCSB and the Strausman defendants separately appeal.
"[A] mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (Lend-Mor Mtge. Bankers Corp. v Nicholas, 69 AD3d 680, 680 [internal quotation marks omitted]). Here, Frankel established his prima facie entitlement to judgment as a matter of law dismissing HCSB's second cause of action by submitting the subject mortgages with evidence of recording, evidence of proof of the payment of the loan proceeds from Frankel to Eve Strausman Winston, and a personal affidavit in which he stated that he had no knowledge of the HCSB mortgage prior to commencement of the HCSB action.
In opposition, both HCSB and the Strausman defendants failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). HCSB contends that summary judgment should have been denied as premature because additional discovery was warranted, inter alia, regarding the issue of fraud in the execution of the Frankel mortgages. However, on a prior appeal, this Court considered and rejected HCSB's contention that the requested disclosure was material and necessary to its prosecution of this action (see Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 613). Therefore, the doctrine of law of the case precludes reconsideration thereof (see Alleyne v Grant, 124 AD3d 569; Matter of Fulmer v Buxenbaum, 109 AD3d 822, 823; Allison v Allison, 60 AD3d 711). Accordingly, the Supreme Court properly granted that branch of Frankel's motion which was for summary judgment dismissing HCSB's second cause of action.
Contrary to the Strausman defendants' further contention, under the circumstances presented here, the Supreme Court properly granted that branch of Frankel's motion which was to consolidate this action with the Frankel action (see Hanover Ins. Group v Mezansky, 105 AD3d 1000, 1001).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court