Matter of Lupo v Rainsford (2018 NY Slip Op 04728)





Matter of Lupo v Rainsford


2018 NY Slip Op 04728


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-08734
 (Docket Nos. V-13970-15/16D, V-13970-15/16E, V-13970-15/16F)

[*1]In the Matter of Farrah Lupo, respondent, 
v
Brian Rainsford, appellant.


Brian Rainsford, Coram, NY, appellant pro se.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated July 13, 2017. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a parental access order dated November 9, 2015, suspended the father's parental access with the subject child, and dismissed the father's violation petitions.
ORDERED that the order dated July 13, 2017, is affirmed insofar as appealed from, without costs or disbursements.
After the parties' divorce in 2013, the father was awarded parental access with the subject child. The parental access provisions of the divorce judgment were modified by order dated November 9, 2015, so as to require that the father's parental access occur in a public place. In March 2016, the mother further petitioned to modify the father's parental access, and the father filed violation petitions seeking to hold the mother in contempt for violation of the parental access order dated November 9, 2015, and a therapeutic parental access order of the same court dated May 31, 2016. After a hearing, the Family Court granted the mother's petition, suspended the father's parental access, and denied the father's petitions.
An existing parental access order may be modified only "upon a showing that there [*2]has been a subsequent change of circumstances and modification is required" to ensure the best interests of the child (Family Ct Act § 467[b][ii]; see Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1062). Further, a noncustodial parent should have reasonable rights of parental access, and the denial of those rights to a biological parent is a drastic remedy which should only be invoked when there is substantial evidence that parental access would be detrimental to the child (see Cervera v Bressler, 90 AD3d 803; Matter of Lane v Lane, 68 AD3d 995; Matter of Sinnott-Turner v Kolba, 60 AD3d 774). The determination of appropriate parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Orellana v Orellana, 112 AD3d 720; Matter of Fulmer v Buxenbaum, 109 AD3d 822; Matter of Haimovici v Haimovici, 73 AD3d 1058).
Here, contrary to the father's contention, the mother met her burden of demonstrating a substantial change of circumstances since the entry of the November 9, 2015, order, including the debilitating effect of parental access with the father on the child's mental state (see Family Ct Act § 467[b][ii]). Moreover, the Family Court's finding that parental access would be detrimental to the child's welfare and contrary to his best interests, has a sound and substantial basis in the record, including testimony from the mother and the child's therapist regarding the child's fear and anxiety surrounding parental access, the observable physical symptoms of that fear and anxiety, and the child's expression of suicidal thoughts (see Matter of Anise C. [Angelica C.], 145 AD3d 882; Matter of Waldman v Waldman, 47 AD3d 637). Accordingly, the court's determination to suspend the father's parental access will not be disturbed.
We agree with the Family Court's determination that the father failed to demonstrate that there has been a knowing and wilfull violation by the mother of any Family Court order, and therefore, the court properly dismissed the father's violation petitions (see Matter of D'Amico v Corrado, 129 AD3d 718, 719; Matter of Kraemer v Strand-O'Shea, 66 AD3d 901).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court