Matter of Vitucci v Radparvar (2019 NY Slip Op 05137)





Matter of Vitucci v Radparvar


2019 NY Slip Op 05137


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-04966
 (Docket Nos. V-13670-09/16S/16T)

[*1]In the Matter of Nicholas W. Vitucci, respondent,
v
Mehrak Radparvar, appellant.


Andrew W. Szczesniak, White Plains, NY, for appellant.
Mary Jean Howland, Tuckahoe, NY, for respondent.
Maria J. Frank, Yorktown Heights, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated April 9, 2018. The order granted the father's petition, in effect, to modify the parental access provisions of an order of custody and parental access of the same court (Janet C. Malone, J.) dated January 23, 2012, entered on consent.
ORDERED that the order dated April 9, 2018, is affirmed, with costs.
The parties, who were never married to each other, are the parents of one child, born in June 2001. After a fact-finding hearing, the Family Court, upon consent, issued an order of custody and parental access dated January 23, 2012 (hereinafter the consent order), which awarded sole legal and residential custody of the child to the mother with liberal parental access to the father.
In a petition dated January 6, 2016, the father sought to modify the consent order. At a fact-finding hearing, the Family Court heard testimony from the father, and it conducted an in camera interview with the then 15-year-old child. The parties thereafter informed the court that they had agreed to modify the father's parental access so as to, inter alia, permit the father and the child to arrange the father's parental access. However, the mother did not agree with the proposed modification of the provisions regarding pick-up and drop-off. The court directed the parties to submit a proposed order and a proposed counter-order, noting that "they won't agree." In an order dated April 9, 2018, the court granted the father's petition, in effect, to modify the parental access provisions of the consent order. The mother appeals, contending that the court's determination lacks a sound and substantial basis in the record because it was based neither on a full evidentiary hearing nor on a written stipulation of settlement.
The court's paramount concern in adjudicating parental access rights is the best interests of the child (see Matter of Griffin v Danzy, 160 AD3d 642, 643). "An existing [parental access] order may be modified only upon a showing that there has been a subsequent change in circumstances and modification is required'" (Matter of Ottaviano v Ippolito, 132 AD3d 681, 682, quoting Family Ct Act § 467[b][ii]). "Generally, an evidentiary hearing is necessary concerning a [*2]modification of [parental access]" (Matter of Hom v Zullo, 6 AD3d 536, 536), unless there are no unresolved factual issues to be determined (see Matter of Long v Donoghue, 167 AD3d 614, 615).
Here, the mother correctly contends that the parties did not enter into a written stipulation of settlement regarding the modification of the father's parental access after they alerted the Family Court during the proceedings that they had reached an agreement as to the modification of certain provisions of the consent order. However, the court's determination to grant the father's petition has a sound and substantial basis in the record based upon the testimony at the fact-finding hearing and the court's in camera interview with the child. The undisputed facts before the court were sufficient in and of themselves to support the modification of the parental access provisions such that continuation of the fact-finding hearing was unnecessary (see S.L. v J.R., 27 NY3d 558, 563; Matter of Long v Donoghue, 167 AD3d 614). Accordingly, the court's determination will not be disturbed.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court