Matter of Pedicini v Hull (2019 NY Slip Op 07402)





Matter of Pedicini v Hull


2019 NY Slip Op 07402


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-11713
 (Index Nos. V-4399-15/17B, V-4399-15/18C)

[*1]In the Matter of Kira Pedicini, appellant, 
v
Eric Hull, respondent.


Paul N. Weber, Cornwall, NY, for appellant.
Geoffrey E. Chanin, Goshen, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered September 20, 2018. The order, insofar as appealed from, after a hearing, in effect, denied the mother's petition to modify the parental access provisions of a custody and parental access order dated January 3, 2017, so as to allow the mother's current husband to be present during her parental access with the parties' child.
ORDERED that the order entered September 20, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of one child born in 2014. In an order dated January 3, 2017, entered on consent, the parties were awarded joint custody of the child, with primary residential custody and final decision-making authority awarded to the father. The order further provided, inter alia, that the mother was to have such parental access as the parties mutually agreed, provided that the mother's current husband and his mother were not to be in the presence of the child at any time.
The mother filed a petition dated October 23, 2017, to modify the order dated January 3, 2017, so as to allow her husband to be present during her parental access with the child. The Family Court held a hearing on the mother's petition on August 21, 2018, and conducted an in camera interview with the child on September 6, 2018. In an order entered September 20, 2018, the court, inter alia, in effect, denied the mother's petition, and the mother appeals.
A party seeking to modify an existing custody and parental access order must show a "change in circumstances such that modification is required to protect the best interests of the child" (Matter of Davis v Pignataro, 97 AD3d 677, 677 [internal quotation marks omitted]; see Matter of LaChere v Maliszweski, 157 AD3d 696, 697). The best interests of the child must be determined by a review of the totality of the circumstances (see Matter of Jackson v Wylie-Tunstall, 159 AD3d 821, 822; Matter of LaChere v Maliszweski, 157 AD3d at 697).
Where, as here, the Family Court has conducted an evidentiary hearing on the issue [*2]of parental access, its findings are accorded "great weight" (Matter of Lew v Lew, 152 AD3d 520, 521; see Matter of Felty v Felty, 108 AD3d 705, 707). "Since [parental access] determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the Family Court's findings, which should not be set aside unless they lack a sound and substantial basis in the record" (Matter of Jackson v Wylie-Tunstall, 159 AD3d at 822; see Matter of Bixler v Vitrano, 155 AD3d 718, 720).
Here, the Family Court's determination that it was not in the best interests of the child to modify the order dated January 3, 2017, has a sound and substantial basis in the record, and therefore, will not be disturbed (see Matter of Fulmer v Buxenbaum, 109 AD3d 822, 823; Matter of Grusz v Simonetti, 91 AD3d 645, 646).
MASTRO, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court