■ In the Matter of ASHLEY S. PHYLLIS SHEARER, Respondent; CHERYL S., Appellant. (Proceeding No. 1.) In the Matter of REGAN S. PHYLLIS SHEARER, Respondent; CHERYL S., Appellant. (Proceeding No. 2.)—In two child protective proceedings pursuant to Family Court Act article 10, the mother (1) appeals from an order of the Family Court, Westchester County (Facelle, J.), dated March 13, 1985, which, *inter alia,* directed that all visitation between the appellant and her children be suspended; and (2) purportedly appeals from an order of the same court (Facelle, J.), dated April 1, 1985, which remanded her to the Westchester County Penitentiary for a period of 30 days and directed that such term of imprisonment be suspended for a period of six months, on condition, *inter alia,* that the appellant not attempt to visit her children.

Ordered that the purported appeal from the order dated April 1, 1985 is dismissed, without costs or disbursements, for failure to file a notice of appeal; and it is further,

Ordered that the order dated March 13, 1985 is affirmed, without costs or disbursements.

The petitioner proved by a preponderance of the evidence that the acts of the appellant mother during visitation with her children constituted neglect *(see,* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1, 3).

Therefore, the order of the Family Court suspending the mother's visitation with the children was appropriate.

The mother failed to file a notice of appeal with respect to the order of April 1, 1985. Therefore the purported appeal from that order must be dismissed (see, Matter of Kawaun Sharleke W., 121 AD2d 729; Siegel v Obes, 112 AD2d 930).

At oral argument, the counsel for the appellant mother stated that the mother is now undergoing psychiatric treatment. So that there may be no misunderstanding, we note that nothing contained in this decision shall be construed as precluding the mother from making a new application to resume visitation. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.