■ In the Matter of LUCILLE LICITRA, Appellant, v MICHAEL LICITRA, Respondent. (Proceeding No. 1.) In the Matter of MI-

CHAEL LICITRA, Respondent, v LUCILLE LICITRA, Appellant. (Proceeding No. 2.) [679 NYS2d 700] —In related proceedings pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much of an order of the Family Court, Westchester County (Braslow, J.), entered May 28, 1996, as, upon a finding that the father violated a prior order of the Family Court, Rockland County, imposed a sanction of only $20 payable to the mother, and (2) from an order of the same court, entered November 13, 1996, which, *inter alia*, directed that "there shall be no further contact between" her and the subject children.

Ordered that the order entered May 28, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered November 13, 1996, is modified by (1) deleting therefrom the provision that "there shall be no further contact between" the mother and the subject children and substituting therefor a provision that visitation is suspended indefinitely; and (2) deleting therefrom the provision directing the mother to attend parenting skills classes at her own expense; as so modified, the order is affirmed, without costs or disbursements.

An indefinite suspension of supervised visitation is in the best interests of the subject children (*see, Eschbach v Eschbach,* 56 NY2d 167; *Maloney v Maloney,* 208 AD2d 603). The record supports the finding that the mother has chronically used her visitation time to behave in a manner which has caused the children emotional distress. Even in the presence of a supervisor, the mother persists in making comments designed to denigrate the children, their father, and their paternal grandparents. Additionally, although not determinative, it is noteworthy that neither of the children, who are 16 and 13 years old, desires to continue with the supervised visitation (*see, Matter of Eric L. v Dorothy L.,* 130 AD2d 660; *Sturm v Lyding,* 96 AD2d 731; *Mahler v Mahler,* 72 AD2d 739).

The Family Court did not improvidently exercise its discretion in imposing only nominal sanctions upon the father for his violation of the telephone contact provisions of a previous Family Court order.

The mother's remaining contentions provide no basis for reversal or further modification of the orders. Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.