In the Matter of SAMIA Z. ACS DIVISION OF GROUP HOMES et al., Respondents; DIANE Z., Appellant. (Proceeding No. 1.) In the Matter of JOHNNY Z. ACS DIVISION OF GROUP HOMES et al., Respondents; DIANE Z., Appellant. (Proceeding No. 2.) [746 NYS2d 598]

Contrary to the appellant's contention, the Family Court providently exercised its discretion when it indefinitely

suspended her supervised visitation with the subject children. An indefinite suspension of supervised visitation was in the best interests of the subject children (*see Matter of Melinda A. v Greene County Dept. of Social Servs.,* 278 AD2d 754; *Matter of Licitra v Licitra,* 255 AD2d 384, 385). The record supports the finding that the appellant has chronically used her visitation time to behave in a manner which has caused the children, who have special needs, emotional distress. Even in the presence of a supervisor, the appellant persisted in making comments designed to denigrate the children, as well as the father of one child (*see Matter of Licitra v Licitra, supra*). The record also supports the finding that continued supervised visitation would be detrimental to the children's therapy and development (*see Matter of Melinda A. v Greene County Dept. of Social Servs., supra*).

The appellant's remaining contentions, insofar as reviewed, are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.