■ In the Matter of JAYSON R. WALDMAN, Respondent, v LISA F. WALDMAN, Appellant. (Proceeding No. 1.) In the Matter of JAYSON R. WALDMAN, Respondent, v LISA F. WALDMAN, Appellant. (Proceeding No. 2.) In the Matter of LISA F. WALDMAN, Appellant, v JAYSON R. WALDMAN, Respondent. (Proceeding No. 3.) [849 NYS2d 590]—

In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Lawrence, J.), dated April 18, 2005, as, after a hearing, granted that branch of the father's petition which was to modify an order of custody and visitation of the same court dated August 29, 2002, granting her supervised visitation with the parties' children, by suspending all of her visitation with the parties' children, and directed that a final order of protection of the same court (Koenig, J.) dated May 18, 2000, shall be extended until each of the children reaches 18 years of age.

Ordered that the appeal from so much of the order dated April 18, 2005, as related to the parties' child Evan is dismissed, as academic, without costs or disbursements; and it is further,

Ordered that the order dated April 18, 2005, is modified, on the law, by deleting the provision thereof directing that the final order of protection dated May 18, 2000, shall be extended with respect to the child Farrah until such child reaches 18 years of

age and substituting a provision therefor directing that the final order of protection shall be extended with respect to the child Farrah until April 18, 2010; as so modified, the order dated April 18, 2005, is affirmed insofar as reviewed, without costs or disbursements.

Since the parties' child Evan is now 18 years of age, he is not subject to the order appealed from (*see Matter of Sassower-Berlin v Berlin*, 31 AD3d 771, 772 [2006]).

With respect to the parties' child Farrah, there is a sound and substantial basis in the record to support the determination of the Family Court that a subsequent change of circumstances required modification of the prior order of custody and visitation so as to suspend all visitation by the mother, and that the suspension of visitation was in the best interests of the child (*see* Family Ct Act § 467 [b] [ii]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Sullivan v Sullivan*, 40 AD3d 865, 866 [2007]; *Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]; *Matter of Abranko v Vargas*, 26 AD3d 490, 491 [2006]). The record indicates that the child was placed under great emotional strain, her academic performance diminished, and she sustained various physical problems as a result of the supervised visitation sessions with the mother. The Family Court was not obliged to accept the recommendations of the mother's expert (*see Matter of Strand-O'Shea v O'Shea*, 32 AD3d at 398-399; *Matter of Sienkwicz v Sienkwicz*, 298 AD2d 396 [2002]).

The Family Court also had a sound and substantial basis for extending the order of protection with respect to Farrah. However, the Family Court erred in extending the order of protection for a period greater than five years (*see* Family Ct Act § 842). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.