■ In the Matter of GURDEEP SINGH, Appellant, v GURMAIL SINGH et al., Respondents. [976 NYS2d 893]—

In a sibling visitation proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated November 18, 2011, which, after a fact-finding hearing, dismissed his petition seeking visitation with his minor sibling.

Ordered that the order is affirmed, without costs or disbursements.

"[T]he determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Lane v Lane*, 68 AD3d 995, 997 [2009]; *see Matter of Torres v Ojeda*, 108 AD3d 570, 570-571 [2013]). The Family Court's determination that the denial of visitation between the petitioner and the subject child was in the child's best interests has a sound and substantial basis in the record and, therefore, we find no basis to disturb it (*see Matter of Samuel S. v Dayawathie R.*, 63 AD3d 746, 747 [2009]; *Matter of Samia Z.*, 297 AD2d 385 [2002]; *Matter of Licitra v Licitra*, 255 AD2d 384 [1998]). Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.

Motion by the respondent Sarbjeet Kaur on an appeal from an order of the Family Court, Queens County, dated November 18, 2011, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated September 10, 2013, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers submitted in support of the motion and the

papers submitted in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellant's brief is denied. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.