■ In the Matter of BRIANNA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JENNIFER I., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SCOTT R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JENNIFER I., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JAYDEN B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JENNIFER I., Appellant, et al., Respondent. (Proceeding No. 3.) [30 NYS3d 191]—

Appeal from an order of the Family Court, Queens County (Carol Ann Stokinger, J.), dated May 20, 2015. The order, insofar as appealed from, after a hearing, suspended all visitation between the mother and the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2012, the Administration for Children's Services commenced these proceedings pursuant to article 10 of the Family Court Act based on allegations that the mother had neglected the subject children. The mother consented to a finding of neglect, and the children were remanded to the custody of the Administration for Children's Services. In May 2015, after a permanency hearing, the Family Court suspended all visitation between the mother and the children.

" '[T]he determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record' " (*Matter of Smith v Dawn F.B.*, 88 AD3d 729, 729 [2011], quoting *Matter of Lane v Lane*, 68 AD3d 995, 997 [2009]). Here, the Family Court's determination that suspending all visitation between the mother and the children was in the children's best interests has a sound and substantial basis in the record (*see Matter of Erica S. [Nancy R.E.—Michael A.S.]*, 135 AD3d 864 [2016]; *Matter of Sarah A. [Daniel A.]*, 119 AD3d 778, 779 [2014]; *Matter of Chaim N. [Angela N.]*, 103 AD3d 728, 729 [2013]; *Matter of Nicholas K.*, 20 AD3d 479, 479 [2005]; *Matter of Samia Z.*, 297 AD2d 385, 386 [2002]). Although the mother completed parenting training and domestic violence counseling, a caseworker testified that the mother stopped participating in court-ordered mental health treatment. Moreover, the evidence adduced at the hearing demonstrated that the mother has persisted in making disparaging comments to one of the children and that her hostile behavior during a family therapy session adversely affected the children.

Accordingly, we decline to disturb the Family Court's determination. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.