■ In the Matter of ANISE C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANGELICA C., Appellant. (Proceeding No. 1.) In the Matter of ADIAN S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANGELICA C., Appellant. (Proceeding No. 2.) In the Matter of ALYSSA C.-S. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; ANGELICA C., Appellant. (Proceeding No. 3.) [42 NYS3d 830]—

Appeals by the mother from two orders of the Family Court, Kings County (Lillian Wan, J.), both dated March 19, 2015. The orders, in two related proceedings, after a hearing, granted the petitioner's motion to suspend the mother's visitation with the subject children pending further order of the Family Court.

Ordered that the orders are affirmed, without costs or disbursements.

Following findings of abuse against the mother as to two children and neglect as to one child, the mother was awarded supervised visitation with the children. Thereafter, the petitioner, the Administration for Children's Services, moved to suspend the mother's visitation following her hostile and violent behavior against the children during their visits in December 2014. The Family Court, after a hearing, granted the motion and indefinitely suspended the mother's visitation. The mother appeals. We affirm.

A parent's visitation, even if supervised, should not be suspended unless there is substantial evidence that the visitation would be detrimental to the welfare of the child (*see Matter of Matthew Donald R.*, 46 AD3d 909 [2007]; *Klutchko v Baron*, 1 AD3d 400, 405 [2003]; *Matter of Chiofalo v Bertolino*, 233 AD2d 440 [1996]). The determination to suspend a parent's visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Brianna B. [Jennifer I.]*, 138 AD3d 832 [2016]). Contrary to the mother's contention, the Family Court's finding that there was substantial evidence that visitation would be detrimental or harmful to the children's welfare and contrary to their best interests, has a sound and substantial basis in the record (*see Matter of Brianna B. [Jennifer I.]*, 138 AD3d at 832; *Matter of Waldman v Waldman*, 47 AD3d 637 [2008]; *Matter of Licitra v Licitra*, 255 AD2d 384 [1998]; *Matter of Chiofalo v Bertolino*, 233 AD2d at 441; *Matter of Ashley S.*, 129 AD2d 581 [1987]). Accordingly, the Family Court's granting of the petitioner's motion to suspend the mother's visitation will not be disturbed. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.