Matter of Naftali v Naftali (2018 NY Slip Op 02472)





Matter of Naftali v Naftali


2018 NY Slip Op 02472


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-01252
 (Docket No. O-11619-12)

[*1]In the Matter of Galit Naftali, respondent,
v
David Naftali, appellant.


David Laniado, Cedarhurst, NY, for appellant.
Paul B. Guttenberg, Syosset, NY, attorney for the child.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Queens County (Anne-Marie Jolly, J.), dated December 22, 2016. The order of protection, after a fact-finding hearing, and upon a "decision and order after fact-finding" dated December 22, 2016, granting the mother's application to extend a prior order of protection issued against the father, directed the father, inter alia, to stay away from the mother and the parties' child until and including December 21, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In this family offense proceeding, the mother made an application to extend an order of protection against the father and in favor of the mother and the parties' child. After a fact-finding hearing, the Family Court granted the application and directed the father, inter alia, to stay away from the mother and the parties' child until and including December 21, 2018. The father appeals.
Contrary to the father's contention, the Family Court, which had the benefit of seeing and hearing the witnesses at the fact-finding hearing, properly found that, under the circumstances
of this case, there was "good cause" to extend the order of protection (Family Ct Act § 842; see Matter of Molloy v Molloy, 137 AD3d 47).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court