Matter of Mejia v Stubbs (2018 NY Slip Op 03838)





Matter of Mejia v Stubbs


2018 NY Slip Op 03838


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2017-11288
 (Docket No. O-4835-11)

[*1]In the Matter of Elci Mejia, respondent, 
v
Cornelius Stubbs, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Kassandra D. Brescia of counsel), for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Cornelius Stubbs appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated September 25, 2017. The order, after a hearing, granted the petitioner's motion to extend an order of protection issued against Cornelius Stubbs.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner and the appellant are the parents of one child. In connection with a family offense petition filed by the petitioner against the appellant, the Family Court issued, upon consent, a five-year order of protection in favor of the petitioner and the child. The order, among other things, required the appellant to stay away from the petitioner, her home, and her place of employment. It further directed the appellant to refrain from committing assault, stalking, harassment, menacing, reckless endangerment, and certain other offenses against the petitioner and the child. As the expiration date of the order of protection approached, the petitioner moved to extend it. Following a hearing, the Family Court granted the petitioner's motion and extended the order of protection for a period of two years, until August 21, 2019.
Contrary to the appellant's contention, the Family Court, which had the benefit of seeing and hearing the sole witness at the hearing, properly found that, under the circumstances of this case, there was "good cause" to extend the order of protection (Family Ct Act § 842; see Matter of Valenti v Valenti, 158 AD3d 810, 811; Matter of Molloy v Molloy, 137 AD3d 47).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court