Matter of Ermini v Vittori (2018 NY Slip Op 05038)





Matter of Ermini v Vittori


2018 NY Slip Op 05038


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-09405
 (Docket Nos. O-00506-12/16C, V-03111-16/16A/16B, V-03112-16/16A/16B)

[*1]In the Matter of Emiliano Ermini, petitioner-appellant,
v
Viviana Vittori, respondent; Genci Bilali, et al., nonparty-appellants.


Bilali & Associates, LLC, New York, NY (Genci Bilali pro se of counsel), nonparty-appellant pro se, and for petitioner-appellant and nonparty-appellant Genci Bilali.
Ellen B. Holtzman, Nanuet, NY, for respondent.
Jacqueline Sands, New City, NY, attorney for the children, nonparty-respondent.



DECISION & ORDER
In related proceedings, inter alia, pursuant to Family Court Act article 6, the petitioner and nonparties Genci Bilali and Bilali & Associates, LLC, appeal from an order of the Family Court, Rockland County (Dean Richardson-Mendelson, Ct. Atty. Ref.), entered July 26, 2017. The order, insofar as appealed from by the petitioner, granted the motion of the attorney for the children pursuant to Family Court Act § 842 to extend an order of protection issued against the petitioner until July 24, 2019, and denied that branch of his cross motion which was to remove the attorney for the children. The order, insofar as appealed from by nonparties Genci Bilali and Bilali & Associates, LLC, granted the cross motion of the attorney for the children, and the separate application of the respondent's attorney, pursuant to 22 NYCRR 130-1.1 for respective awards of attorney's fees to the extent of directing the nonparties to pay the sum of $2,000 to each attorney.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The appellant, Emiliano Ermini (hereinafter the father), and the respondent, Viviana
Vittori (hereinafter the mother), have two children. The parties and their children were Italian citizens. In 2012, the father petitioned, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, as implemented by the International Child Abduction Remedies Act (former 42 USC 11601 et seq., now 22 USC 9001 et seq.), seeking to have the subject children returned to Italy from the United States, where they were being retained by the mother (see Ermini v Vittori, 2013 WL 1703590, 2013 US Dist LEXIS 56470 [SD NY, No. 12 Civ. 6100 (LTS), affd as amended 758 F3d 153 [2d Cir]). Following a nonjury trial, the United States District Court for the Southern District of New York denied the petition (see Ermini v Vittori, 2013 WL 1703590, 2013 US Dist LEXIS 56470).
The United States Court of Appeals for the Second Circuit affirmed the District Court's denial of the petition, but amended the District Court's judgment so as to deny the petition with prejudice (see Ermini v Vittori, 758 F3d 153). The Second Circuit determined that the children [*2]faced a "grave risk" of harm if returned to Italy (id. at 164 [internal quotation marks omitted]). Specifically, the Second Circuit held that the "facts found by the district court were sufficient to meet the Hague Convention's requirement, by clear and convincing evidence, that the children faced a grave risk' of harm because of [the father's] physical abuse" and, further, that the District Court correctly concluded that one child, who has autism, faced a grave risk of harm if he were to be removed from his current therapy and returned to Italy (id. at 165).
Meanwhile, the Family Court, Rockland County, issued a final order of protection in favor of the mother and the children and against the father, directing the father to, among other things, refrain from any contact with the children except as permitted by any order of custody or visitation issued by a court of competent jurisdiction. Thereafter, the attorney for the children moved pursuant to Family Court Act § 842 to extend that order of protection. The father cross-moved, in effect, to enforce certain purported orders of an Italian Court pertaining to visitation, and to remove the attorney for the children. The attorney for the children cross-moved, inter alia, pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee. The mother's attorney made an application pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee.
In the order appealed from, the Family Court, upon a decision entered July 25, 2017, inter alia, granted the motion of the attorney for the children pursuant to Family Court Act § 842 to extend the order of protection, denied that branch of the father's cross motion which was to remove the attorney for the children, granted the cross motion of the attorney for the children, and the separate application of the mother's attorney, pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees to the extent of directing the father's attorney, nonparty Genci Bilali or his law firm, nonparty Bilali & Associates, LLC (hereinafter together Bilali), to pay the sum of $2,000 to each attorney. On the issue of attorney's fees pursuant to 22 NYCRR 130-1.1, the court concluded, in part, that the father's "submissions are filled with half truths, distortions of facts, facts taken out of context, and most distressingly, omissions of material facts and relevant decisions" and that most of the father's "submissions were an attempt to revise and re-litigate facts that were already decided." The father and Bilali appeal from those portions of the order.
We agree with the Family Court's determination to grant the motion of the attorney for the children pursuant to Family Court Act § 842 to extend the order of protection. Family Court Act § 842 provides, in part, that the court may, on motion, "extend the order of protection for a reasonable period of time upon a showing of good cause." "[I]n determining whether good cause has been established, courts should consider, but are not limited by, the following factors: the nature of the relationship between the parties, taking into account their former relationship, the circumstances leading up to the entry of the initial order of protection, and the state of the relationship at the time of the request for an extension; the frequency of interaction between the parties; any subsequent instances of domestic violence or violations of the existing order of protection; and whether the current circumstances are such that concern for the safety and well-being of the petitioner is reasonable" (Matter of Molloy v Molloy, 137 AD3d 47, 53). Under the facts here, the court properly found that there was good cause to extend the order of protection (see id. at 54). Moreover, to the extent the father challenges the duration of the extension, the court extended the order of protection for a reasonable period of time (see id.).
We also agree with the Family Court's determination to deny that branch of the father's cross motion which was to remove the attorney for the children. The father failed to show that removal of the attorney for the children was warranted (see Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1149; Matter of Linda S. v Westchester County Dept. of Social Servs., 63 AD3d 1164, 1165).
The appellants' remaining contentions are without merit.
We decline the mother's request to impose a sanction against the appellants for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court