Matter of Gavin G. (Carla G.) (2018 NY Slip Op 07307)





Matter of Gavin G. (Carla G.)


2018 NY Slip Op 07307


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-02066
 (Docket No. NN-22256-17)

[*1]In the Matter of Gavin G. (Anonymous). Administration for Children's Services, respondent; Carla G. (Anonymous), appellant.


Larry S. Bachner, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated January 24, 2018. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody, or alternatively, for parental access with the child.
ORDERED that the order is affirmed, without costs or disbursements.
Pursuant to Family Court Act § 1028(a), the Family Court shall grant the application of a parent for the return of a child who has been temporarily removed, unless it finds, after a hearing, "that the return presents an imminent risk to the child's life or health." In addition "a court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal. It must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scopetta, 3 NY3d 357, 378).
"In reviewing the Family Court's determination of an application pursuant to Family Court Act § 1028(a), this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (Matter of Xiomara C. [Karen A.], 156 AD3d 631, 632; see Matter of Audrey L. [Marina L.], 147 AD3d 838, 839). "A credibility assessment of a hearing court is accorded considerable deference on appeal unless it lacks a sound and substantial basis in the record" (Matter of Jasmine W. [Michael J.], 132 AD3d 774, 775; see Matter of Irene O., 38 NY2d 776, 777; Matter of Arthur G. [Tiffany M.], 112 AD3d 925, 926).
There is a sound and substantial basis in the record for the Family Court's determination that the return of the child to the mother would present an imminent risk to him, and that the risk could not be mitigated by reasonable efforts to avoid removal, in light of the mother's untreated, severe mental illness, which includes delusions about the child, resulting in the child's [*2]isolation and exposure to the belief that he and the mother are in constant danger, as well as the mother's lack of insight into her mental illness, and resistance to treatment therefor (see Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 691; Matter of Jemima M. [Aura M.], 151 AD3d 862, 863; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691; Matter of Yu F. [Fen W.], 122 AD3d 761, 762).
We agree with the Family Court's determination to deny the mother's alternative request for parental access with the child. The determination to suspend a parent's access is "within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Anise C. [Angelica C.], 145 AD3d 882, 883; see Matter of Brianna B. [Jennifer I.], 138 AD3d 832; Matter of Smith v Dawn F. B., 88 AD3d 729). Here, there is a sound and substantial basis in the record for the court's determination that it would not be in the child's best interests for the mother to have parental access at this time (see Matter of Brianna B. [Jennifer J.], 138 AD3d 832).
The mother's remaining contention is without merit.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court