Matter of Mia C. (Misael C.) (2019 NY Slip Op 00270)





Matter of Mia C. (Misael C.)


2019 NY Slip Op 00270


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-13246
 (Docket Nos. NA-26346/14, NA-26347/14)

[*1]In the Matter of Mia C. (Anonymous), appellant. Administration for Children's Services, petitioner-respondent; Misael C. (Anonymous), respondent-respondent. (Proceeding No. 1)
In the Matter of Ruth C. (Anonymous), appellant. Administration for Children's Services, petitioner-respondent; Misael C. (Anonymous), respondent-respondent. (Proceeding No. 2)


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children, the appellants Mia C. and Ruth C.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for petitioner-respondent.
Cheryl Charles-Duval, Brooklyn, NY, for respondent-respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the subject children, Ruth C. and Mia C., appeal from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated December 3, 2017. The order, after a hearing, denied their motion to suspend supervised parental access with their father, Misael C.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the motion of Ruth C. and Mia C. to suspend supervised parental access with Misael C. is granted.
On October 10, 2014, the Administration for Children's Services (hereinafter ACS) filed related abuse and neglect petitions pursuant to Family Court Act article 10 against Misael C. (hereinafter the father), alleging that he abused and neglected Llarabi T. and Tiffany T., for whom he was a person legally responsible, and abused and neglected his daughters, Ruth C. and Mia C. ACS alleged that the father raped Tiffany T., who was then 13 years old, and made sexual advances toward Llarabi T., who was then 16 years old. ACS further alleged that by such conduct, the father derivatively abused Ruth C. and Mia C. In addition, ACS alleged that the father used excessive corporal punishment against Tiffany T., Llarabi T., and Ruth C.
On March 23, 2017, the father submitted to the jurisdiction of the Family Court [*2]pursuant to Family Court Act § 1051(a), and the court made a finding that he abused all four children as alleged in the petitions. The court directed the father to have supervised parental access with Ruth C. and Mia C. (hereinafter together the children). The parental access took place sporadically, and no parental access occurred between June 2016 and February 1, 2017, while the father was incarcerated on a related criminal conviction.
In July 2017, the children moved to have the father's parental access with them suspended. A hearing was held on the motion, at which the children's therapists testified that both children were found to be suffering from post-traumatic stress disorder (hereinafter PTSD) because of physical and sexual abuse they witnessed being committed upon the mother and their half-siblings, Llarabi T. and Tiffany T., in the home, and that neither child wanted parental access with the father. Each child's therapist recommended that there be no contact between the children and the father until the children had made more progress in therapy.
After the hearing, the Family Court denied the motion, finding that there was no factual basis to support a suspension of the father's parental access with the children since there was no evidence to support any allegations that the father engaged in domestic violence with their mother in their presence or that he sexually abused the children, and the father had not consented to such findings. According to the court, there was no legal authority to suspend the father's parental access with the children premised solely on their therapists' belief that the children witnessed domestic violence and were sexually abused by the father, when no such transgressions had been alleged in the petitions or proven.
A parent's parental access, even supervised, should not be suspended unless there is substantial evidence that the parental access would be detrimental to the welfare of the child (see Matter of Anise C. [Angelica C.], 145 AD3d 882, 883; Matter of Matthew Donald R., 46 AD3d 909). The determination to suspend a parent's parental access is within the sound discretion of the Family Court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Brianna B. [Jennifer I.], 138 AD3d 832).
Here, the Family Court's determination lacks a sound and substantial basis in the record, which shows that parental access with the father, even if supervised, would not be in the children's best interests. The uncontroverted evidence established that the children suffered from PTSD, experienced both physical and mental manifestations of trauma when having parental access with the father, and expressed their desire to cease parental access with him. In addition, each child corroborated the other's statements regarding the abuse they witnessed in the home. Given the evidence at the hearing, the court should have granted the children's motion to suspend supervised parental access with the father (see Matter of Anise C. [Angelica C.], 145 AD3d at 883; Matter of Brianna B. [Jennifer I.], 138 AD3d at 832).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court