Matter of Fitzgerald v Fitzgerald (2019 NY Slip Op 03335)





Matter of Fitzgerald v Fitzgerald


2019 NY Slip Op 03335


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-03725
 (Docket No. V-10382-07)

[*1]In the Matter of Nicole Fitzgerald, respondent,
v
David Fitzgerald, appellant.


Helene M. Greenberg, Elmsford, NY, for appellant.
Legal Services of the Hudson Valley, Yonkers, NY (Daniela Israelov of counsel), for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (IDV part) (Thomas R. Daly, J.), entered March 8, 2018. The order, after a hearing, in effect, granted the mother's petition to modify a prior order of custody and parental access dated September 12, 2008, so as to suspend parental access between the father and the parties' child.
ORDERED that the order entered March 8, 2018, is affirmed, without costs or disbursements.
The father appeals from an order entered March 8, 2018, which, after a hearing, and after the Family Court conducted in camera interviews of the parties' child, in effect, granted the mother's petition to modify a prior order of custody and parental access dated September 12, 2008, so as to suspend parental access between the father and the parties' child.
A party seeking modification of an existing order of custody or parental access must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Granzow v Granzow, 168 AD3d 1049, 1050; Matter of Gonzalez v Santiago, 167 AD3d 885, 887; Matter of McKenzie v Williams, 165 AD3d 673, 674). The best interests of the child are determined based upon a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167; Matter of Granzow v Granzow, 168 AD3d at 1050; Matter of Gonzalez v Santiago, 167 AD3d at 887). While not necessarily determinative, the child's expressed preference is some indication of what is in the child's best interests (see Eschbach v Eschbach, 56 NY2d at 173; Cervera v Bressler, 90 AD3d 803, 806).
" [A] noncustodial parent should have reasonable rights of [parental access], and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that [parental access] would be detrimental to the child'" (Cervera v Bressler, 90 AD3d at 806, quoting Matter of Mera v Rodriguez, 73 AD3d 1069, 1069; see Matter of Lupo v Rainsford, 162 AD3d 1032, 1033). Since any determination related to custody and [*2]parental access depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record (see Weisberger v Weisberger, 154 AD3d 41, 51; Matter of Nixon v Ferrone, 153 AD3d 625, 627; Matter of Sanders v Jaco, 148 AD3d 812, 814).
Here, contrary to the father's contention, the mother met her burden of demonstrating a substantial change in circumstances warranting modification of the prior order (see Matter of Lupo v Rainsford, 162 AD3d at 1033; Matter of Waldman v Waldman, 47 AD3d 637, 638). Moreover, the Family Court's determination that parental access would be detrimental to the child's welfare and contrary to her best interests has a sound and substantial basis in the record (see Matter of Lupo v Rainsford, 162 AD3d at 1033; Matter of Waldman v Waldman, 47 AD3d at 638).
The father's remaining contention is unpreserved for appellant review and, in any event, without merit.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court