Matter of Walker v Sterkowicz-Walker (2022 NY Slip Op 02128)





Matter of Walker v Sterkowicz-Walker


2022 NY Slip Op 02128


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2020-09044
 (Docket Nos. V-00020-17/17A, V-07998-17/17A)

[*1]In the Matter of Thomas Walker, respondent,
v
Janet Sterkowicz-Walker, appellant. (Proceeding No. 1)
In the Matter of Janet Sterkowicz-Walker, appellant,
v
Thomas Walker, respondent. (Proceeding No. 2)


Diana Kelly, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated July 15, 2020. The order, insofar as appealed from, upon supplemental findings of the same court dated July 15, 2020, made after a fact-finding hearing, awarded the mother parental access with the parties' younger child only to the extent of allowing the mother to communicate with the child through written letters either by regular mail or electronically, and by speaking with the child weekly by telephone or by Skype, Zoom, or other electronic video platform for up to one hour.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the divorced parents of two children: the younger child, who was born in 2004 (hereinafter the child), and an older child, who has reached the age of 21. Pursuant to a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated
July 24, 2012, the parties agreed that they would share joint custody of the children, that the mother would have residential custody of the children, and that the father would have certain parental access.
In January 2017, the father filed a petition seeking to modify the custody provisions of the parties' stipulation of settlement so as to award him sole legal and residential custody of the children, and in March 2017, the mother filed a cross petition seeking to modify the custody provisions of the parties' stipulation of settlement so as to award her sole legal and residential custody of the children. In an order dated December 11, 2019, after a fact-finding hearing, the Family Court granted that branch of the father's petition which related to the child and denied that branch of the mother's cross petition which related to the child (see Matter of Walker v Sterkowicz-Walker, ___ AD3d ___ [Appellate Division Docket No. 2020-04894; decided herewith]). In an order dated July 15, 2020, after two court-ordered "observation and evaluation" virtual visits between the mother and the child, which were supervised by two licensed social workers, and upon supplemental findings, the court awarded the mother parental access with the child only to the extent [*2]of allowing the mother to communicate with the child through written letters either by regular mail or electronically, and by speaking with the child weekly by telephone or by Skype, Zoom, or other electronic video platform for up to one hour, provided that the child consents. The mother appeals.
A noncustodial parent should have reasonable rights of parental access, and the denial of those rights to a biological parent is a drastic remedy which should only be invoked when there is substantial evidence that parental access would be detrimental to the child (see Cervera v Bressler, 90 AD3d 803; Matter of Lane v Lane, 68 AD3d 995; Matter of Sinnott-Turner v Kolba, 60 AD3d 774). The determination of appropriate parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Orellana v Orellana, 112 AD3d 720; Matter of Fulmer v Buxenbaum, 109 AD3d 822; Matter of Haimovici v Haimovici, 73 AD3d 1058).
Here, contrary to the mother's contention, a sound and substantial basis exists in the record to limit her parental access with the child to letters, and weekly one-hour telephone or video sessions as consented to by the child. The testimony of the father and the child's therapist as to the child's fear and anxiety surrounding parental access, the social workers' observation of physical symptoms of that fear and anxiety in the child, and the therapist's testimony that visitation between the mother and the child would be "very damaging" to the child, all support limiting parental access to letters, and to weekly one-hour telephone or video sessions as consented to by the child (see Matter of Anise C. [Angelica C.], 145 AD3d 882; Matter of Waldman v Waldman, 47 AD3d 637).
Accordingly, the Family Court's determination to limit the mother's parental access will not be disturbed.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court