Matter of Tammy Q. v Harold R. (2026 NY Slip Op 00943)

Matter of Tammy Q. v Harold R.

2026 NY Slip Op 00943

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-0644
[*1]In the Matter of Tammy Q., Respondent,
vHarold R., Appellant.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

John A. Cirando, Syracuse, for appellant.
Andrea J. Mooney, Ithaca, for respondent.
Susan B. McNeil, Slaterville Springs, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Cortland County (Julie Campbell, J.), entered February 28, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an extension of an order of protection.
Petitioner is the mother of a child (born in 2019). Respondent is the father of that child and is currently serving a lengthy prison term following multiple felony convictions, which include crimes committed against petitioner. Following custody proceedings, petitioner was granted sole custody of the child and respondent was denied any visitation or communication. In addition, petitioner was granted a full stay-away order of protection, in favor of both herself and the child, which was entered on respondent's consent but without an admission of wrongdoing. In advance of the automatic expiration thereof, petitioner commenced this proceeding seeking to extend the order of protection. Following temporary extension and a fact-finding hearing, Family Court extended the order of protection through June 1, 2028, five years from the date of the filing of the request. Respondent appeals.
Family Court "may . . . , upon motion, extend [an] order of protection for a reasonable period of time upon a showing of good cause or consent of the parties. The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order. The court must articulate a basis for its decision on the record" (Family Ct Act § 842). The Second Department has found that "[g]ood cause generally signifies a sound basis or legitimate need to take judicial action, and 'in determining whether good cause has been established, courts should consider, but are not limited by, the following factors: the nature of the relationship between the parties, taking into account their former relationship, the circumstances leading up to the entry of the initial order of protection, and the state of the relationship at the time of the request for an extension; the frequency of interaction between the parties; any subsequent instances of domestic violence or violations of the existing order of protection; and whether the current circumstances are such that concern for the safety and well-being of the petitioner is reasonable' " (Matter of Jacobs v Jacobs, 167 AD3d 890, 890-891 [2d Dept 2018], quoting Matter of Molloy v Molloy, 137 AD3d 47, 53 [2d Dept 2016]). Notably, in enacting the language in question, the Assembly indicated that "[a]n applicant's request for an extension should be viewed in the context of the facts of the case, including present circumstances, past abuse by the respondent, threats of abuse by the respondent and relevant information concerning the safety and protection of the protected persons with the primary goal to prevent a recurrence of abuse" (Assembly Mem in Support, Bill Jacket, L 2010, ch 325 at 9).
Family Court's determination that petitioner established [*2]good cause for extension of the order of protection is supported by a sound and substantial basis in the record. First, contrary to respondent's suggestion, the court appropriately took judicial notice of respondent's extensive criminal history, including his history of criminal conduct in the presence of the child and his convictions for crimes against petitioner (see Matter of Molloy v Molloy, 137 AD3d at 54). Deferring to the court's credibility assessments, the record demonstrates that respondent has continued to gain access to petitioner even while incarcerated by, among other things, enlisting his mother to contact petitioner on his behalf in violation of the order of protection. As a result, although the parties have had no direct contact since the issuance of the order of protection, respondent has "continued to interfere with . . . petitioner's peaceful existence and well-being through other means" (Matter of Jacobs v Jacobs, 167 AD3d at 891). Thus, considering the facts of this case, good cause existed to extend the order of protection for five years as to both petitioner and the child (see Matter of Stacey T. v Felix M., 177 AD3d 413, 414 [1st Dept 2019]; Matter of Lashlee v Lashlee, 169 AD3d 683, 684 [2d Dept 2019], lv denied 33 NY3d 902 [2019]; compare Matter of E.Y.A.-G. v S.B., 232 AD3d 463, 463 [1st Dept 2024]).
Garry, P.J., Clark, Pritzker and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.