Matter of Jacobs v Jacobs (2018 NY Slip Op 08655)





Matter of Jacobs v Jacobs


2018 NY Slip Op 08655


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-02990
 (Docket No. O-5137-14/17A)

[*1]In the Matter of Kent Jacobs, respondent,
v Samuel Jacobs, Sr., appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Kent Jacobs, Hopewell Junction, NY, respondent pro se.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Samuel Jacobs, Sr., appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated December 8, 2017. The order, after a hearing, upon finding good cause to extend an order of protection of the same court dated April 23, 2015, for a period of five years, extended the order of protection for a period of five years.
ORDERED that the order dated December 8, 2017, is affirmed, without costs or disbursements.
An order of protection dated April 23, 2015, directed Samuel Jacobs, Sr. (hereinafter the father), to stay away from and refrain from harassing his son, Kent Jacobs (hereinafter the petitioner), for a period of two years. The order of protection was affirmed by this Court, which found sufficient evidence in the record that the father "engaged in a course of conduct, consisting of letters and phone calls, which alarmed the petitioner and served no legitimate purpose," and determined that "[t]hese acts constituted harassment in the second degree, warranting the issuance of an order of protection (Penal Law § 240.26[3])" (Matter of Jacobs v Jacobs, 138 AD3d 742, 743).
In March 2017, the petitioner moved to extend the order of protection. After a hearing, the Family Court determined that the petitioner had shown good cause to extend the order of protection for five years. The father appeals.
Family Court Act § 842 provides that upon motion, the Family Court may "extend the order of protection for a reasonable period of time upon a showing of good cause or consent of the parties. The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order." Good cause generally signifies a sound basis or legitimate need to take judicial action, and "in determining whether good cause has been established, courts should consider, but are not limited by, the following factors: the nature of the relationship between the parties, taking into account their former relationship, the circumstances leading up to the entry of the initial order of protection, and the state of the relationship at the time of the request for an extension; the frequency of interaction between the [*2]parties; any subsequent instances of domestic violence or violations of the existing order of protection; and whether the current circumstances are such that concern for the safety and well-being of the petitioner is reasonable" (Matter of Molloy v Molloy, 137 AD3d 47, 53).
Here, the finding of good cause to extend the order of protection was supported by a preponderance of the evidence at the hearing (see Family Ct Act § 832). Evidence at the hearing established that the father made statements to the petitioner's then-employer, the Westchester County Department of Correction, which needlessly caused a significant police response to the petitioner's home while the petitioner's eight-year-old son was visiting. In addition, since the imposition of the original order of protection, the father has commenced multiple court actions against the petitioner, all found to be lacking in merit.
The Family Court had the benefit of seeing and hearing the witnesses at the hearing (see Matter of Mejia v Stubbs, 161 AD3d 1162; Matter of Naftali v Naftali, 160 AD3d 745; Matter of Valenti v Valenti, 158 AD3d 810). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (see Matter of Quinones v Palma, 144 AD3d 921; Matter of Kaur v Singh, 101 AD3d 877). Here, the court found credible evidence that while the petitioner and the father had had no direct contact since the issuance of the original order of protection, the father continued to interfere with the petitioner's peaceful existence and well-being through other means. As the court's finding of good cause to extend the order of protection is supported by the record, it will not be disturbed.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court