Matter of Lashlee v Lashlee (2019 NY Slip Op 00877)





Matter of Lashlee v Lashlee


2019 NY Slip Op 00877


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2018-04870
 (Docket No. O-6473-13/17R)

[*1]In the Matter of Deborah M. Lashlee, respondent,
v
Samuel M. Lashlee, appellant.


Carol Kahn, New York, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated April 18, 2018. The order, after a hearing, upon finding good cause to extend an order of protection of the same court dated June 8, 2015, for a period of five years, extended the order of protection for a period of five years.
ORDERED that the order dated April 18, 2018, is affirmed, without costs or disbursements.
An order of protection dated June 8, 2015, as amended, directed the father to stay away from and refrain from communicating with the mother, except in emergencies involving the parties' two children, for a period of two years. As the expiration date approached, the mother moved for an extension of the order of protection.
At a fact-finding hearing, the mother testified, inter alia, that the father may have followed her and the children when they travelled to South Carolina, as he sent the children postcards from states along the route to South Carolina. The mother further testified that the father's behavior appeared to be escalating. Specifically, the mother testified that the father sent the police to her home the day before Thanksgiving to retrieve mail, even though he had not lived at the home for four years, that he requested copies of the mother's employment personnel file in connection with a support proceeding, allegedly with the intent of having the mother fired from her job, and that he had sent upsetting emails to his former attorney which led to the attorney's request to be relieved as the father's counsel. After the hearing, the Family Court found that the mother had shown good cause to extend the order of protection for a period of five years. The father appeals.
The Family Court "may . . . , upon motion, extend [an] order of protection for a reasonable period of time upon a showing of good cause or consent of the parties" (Family Ct Act § 842). "The trial court, which has the benefit of seeing and hearing the witnesses, and may even be familiar with the parties, is in the best position to make this fact-specific determination" (Matter of Molloy v Molloy, 137 AD3d 47, 53).
Here, the Family Court found credible evidence that while the mother and the father have had no direct contact since the issuance of the order of protection, the father continued to interfere with the mother's peaceful existence and well-being through other means (see Matter of Jacobs v Jacobs, _____ AD3d _____, 2018 NY Slip Op 08655 [2d Dept 2018]). As the court's finding of good cause to extend the order of protection for five years is supported by the record, it will not be disturbed.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court